UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY L. SAINTIGNON,           )
                               )
    Petitioner,                )
                               )
    v.                         )     CAUSE NO. 3:16-CV-462 PPS
                               )
                               )
WARDEN,                        )
                               )
    Respondent.

OPINION AND ORDER

Danny L. Saintignon, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his conviction for felony murder, child molestation, and incest under cause number 49G03-9002-CF-15824. Following a jury trial, on August 9, 1991, the Marion Superior Court sentenced Saintignon to a total of 177 years of incarceration but later reduced his sentence to 127 years. Saintignon argues that: (1) he was denied effective assistance of counsel when he was sentenced and received a disproportionately harsh sentence; (2) the trial court violated his right against double jeopardy by enhancing his sentence based on aggravating factors and by ordering Saintignon to serve his sentences consecutively; (3) he was procedurally defaulted because DNA testing was unavailable at the time of his trial; and (4) he was denied effective assistance of counsel at the post-conviction relief stage.

1

Respondent argues that Saintignon's claims are untimely. The statute of limitations for habeas corpus cases is articulated in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent argues that only 28 U.S.C. § 2244(d)(1)(A) applies to Saintignon's claims. On direct appeal, the Indiana Supreme Court affirmed Saintignon's conviction on June 29, 1993. ECF 7-5. Saintignon's conviction became final when the time for petitioning the United States Supreme Court for a writ of certiorari expired on September 27, 1993. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)

(when a state prisoner does not petition the United States Supreme Court on direct appeal, his conviction becomes final when the time for filing a petition expires). However, "[f]or a prisoner whose judgment became final before [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996." *Wood v. Milyard*, 566 U.S. 463, 468 (2012). Therefore, the operative date for purposes of 28 U.S.C. § 2244(d)(1)(A) is April 24, 1996.

Saintignon alleges that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(B) because the State provided him with ineffective counsel at trial and at the post-conviction relief stage. However, even assuming that Saintignon received ineffective assistance of counsel at these stages, he does not explain how this prevented him from filing an otherwise timely habeas petition in federal court. Saintignon also alleges that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(C) based on *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017). In *Brown*, the Seventh Circuit Court of Appeals held that the *Martinez-Trevino* doctrine applied to post-conviction relief proceedings under Indiana law. *Id.* at 512-13. As a result, for Indiana prisoners, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 509. However, 28 U.S.C. § 2244(d)(1)(C) does not apply to *Brown* because no new constitutional right was recognized in *Brown* and because *Brown* was decided by the Seventh Circuit rather than

the Supreme Court. Additionally, though the Supreme Court did decide *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), their holdings constitute "equitable rulings" rather the recognition of a constitutional right. *Martinez*, 566 U.S. at 16. Moreover, Saintignon does not assert that his petition is timely based on a recently discovered factual predicate. Therefore, only 28 U.S.C. § 2244(d)(1)(A) applies to Saintignon's claims.

Thus the federal limitations period began to run on the date when Saintignon's conviction became final: April 24, 1996. The limitations period expired one year later, on April 24, 1997. Though Saintignon subsequently filed other challenges to his conviction in State court, these filings did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). When Saintignon filed his petition on July 14, 2016, he was more than twenty years too late. Accordingly, Saintignon's petition is untimely and is therefore dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling.

For these reasons, the court:

(1) **DENIES** the amended petition (ECF 24) pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** Danny L. Saintignon a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) **DENIES** Danny L. Saintignon leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk to close this case.

SO ORDERED on February 7, 2018.

/s/ Philip P. Simon
Judge
United States District Court