UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DANNY L. SAINTIGNON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:16-CV-462 PPS |
| WARDEN, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Danny L. Saintignon, a prisoner without a lawyer, has filed a motion to reconsider the order denying his petition for habeas relief. Considering the timing and the substance of the motion, I construe it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Saintignon's habeas petition was dismissed because it was not filed within the one-year limitations period as required by 28 U.S.C. § 2244(d). ECF 26. Saintignon argues that I should excuse the untimely nature of the petition because his post-

1

conviction relief counsel did not advise him of the one-year limitations period, which I construe as an equitable tolling argument. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 651; *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016). Similarly, the failure of post-conviction relief counsel to advise Saintignon of the one-year limitations period for federal habeas proceedings does not constitute an extraordinary circumstance. Therefore, Saintignon has not provided a sufficient basis for allowing his untimely petition to proceed.

Saintignon also argues that I should reconsider the dismissal because he is seeking DNA testing to prove that he is actually innocent and because the prosecution introduced false evidence against him at trial. Though these arguments could excuse procedural bar or provide a substantive basis for habeas relief, they do not address the issue of timeliness. In sum, Saintignon has not shown a mistake of law or fact with respect to my timeliness ruling, nor has he presented newly discovered evidence.

For these reasons, the court DENIES the motion to reconsider (ECF 26).

SO ORDERED on March 12, 2018.

/s/ Philip P. Simon
Judge
United States District Court